MEMO ENDORSED



DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/2008

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BROOKE BIRNBAUM
*Assistant Corporation Counsel*
Telephone: (212) 676-1347
Fax: (212) 788-9776
bbirnbau@law.nyc.gov

January 28, 2008

**BY HAND**
Honorable Deborah A. Batts
United States District Judge
United States Courthouse, Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED JAN 29 2008 CHAMBERS OF DEBORAH A. BATTS U.S.D.J.

MEMO ENDORSED

Re:   Okoroafor v. The City of New York 07-cv-09387 (DAB)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. I write to respectfully request a stay of these proceedings, for the reasons set forth below, since Officer Longmore has been activated to military duty and is therefore unavailable to participate in this litigation. Plaintiff's counsel, Mr. Okoli, consents to this request.

      Defendant respectfully submits that a stay of this matter is appropriate because Officer Longmare is on active military duty and on leave from the New York City Police Department. Pursuant to 50 U.S.C. Appx. § 521(d) (2006) (the Soldiers' and Sailors' Civil Relief Act), a stay is appropriate for a minimum period of 90 days where, (1) there may be a defense to the action and the defense cannot be presented without the presence of the defendant; or (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists. The purpose of the Soldiers' and Sailors' Civil Relief Act is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves. See United States v. Kaufman, 453 F.2d 306, 308 (2d Cir. 1971). In the instant matter, both prongs of 50 U.S.C. Appx.§ 521(d) are satisfied and, accordingly, a stay is appropriate.

      The first prong of 50 U.S.C. Appx.§ 521(d) is satisfied because without Officer Longmare's appearance in this action his defense would be prejudiced. A defense to the action cannot be presented without his presence in the litigation. The second prong is satisfied because



MEMO ENDORSED



according to plaintiff's counsel, service on Officer Longmare was attempted and refused because he is on active military duty. I have been informed that Officer Longmare is serving overseas, but I do not know where exactly he was deployed to. I have been informed by the New York City Police Department that he is expected to return to the New York City Police Department on or about April 6, 2008. Therefore, a stay is appropriate until Officer Longmare returns from active military duty so that this office can meet with him, make a representation decision on his behalf, and if he is represented by this office, to present any defenses on his behalf.

Additionally, defendant City of New York would be prejudiced if this matter is not stayed. As mentioned above, in order to properly defend this case, I need to be able to speak with Officer Longmare and ascertain his version of the events. Plaintiff alleges that he was falsely arrested pursuant to a warrant that was issued for an unpaid ticket and subsequently detained for approximately two days. According to plaintiff's complaint, Officer Longmare had extensive contact with plaintiff during the alleged incident in question and thus it cannot be disputed that his involvement is central to this case. As such, defendant City of New York respectfully submits that if this case were to proceed without Officer Longmare's involvement, it will be severely prejudiced as the defense of this case is "materially affected" by Officer Longmare's military service. See Franklin v. Balestrieri et. al., 00 Civ. 5883 (BSJ) (DFE), 2002 U.S. Dist. LEXIS 458 (S.D.N.Y. January 14, 2002) (the Court stayed the action where the defendant officer was activated to military duty in Washington D.C., finding that the officer's military duty materially altered his ability to conduct his defense.).

Accordingly, defendant respectfully requests that this matter be stayed until Officer Longmare returns from active military service.

*Granted*
*/s/ DAB*
*1/29/2008*

I thank the Court for its time and consideration of this request.

*This matter is stayed pending Defendant Longmare's return from active military service. The Parties shall apply to the Court to lift the stay. /s/ DAB 1/29/2008*

Respectfully submitted,

*Brooke B.*

Brooke Birnbaum (BB 8338)
Assistant Corporation Counsel

cc: Mr. K.C. Okoli, Esq. (By Fax)

**SO ORDERED**

*Deborah A. Batts*   1/29/2008
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

- 2 -